# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 25-mj-2069 |
| JOSE VALENCIA ROJAS | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   December 13, 2024   in the county of   Davidson   in the
  Middle   District of   Tennessee  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code Sections 1326(a) &(b)(2) | Illegal Re-entry |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ Jon Jenkins
*Complainant's signature*

Deportation Officer Jon Jenkins, ICE
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date:   02/26/2025

*Judge's signature*

City and state:   Nashville, Tennessee         Hon. Jeffery S. Frensley, U.S. Magistrate Judge
*Printed name and title*

# **STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jon Jenkins, having been duly sworn, hereby depose and swear to the following:

1. I, Jon Jenkins, am an Agent with the Department of Homeland Security, specifically the U.S. Immigration and Customs Enforcement Agency, currently assigned to the Middle District of Tennessee. I have been so employed since June 2020. As a federal agent for the Department of Homeland Security, I am familiar with federal statutes, including: 8 U.S.C. §§ 1326(a) and 1326(b)(2), which make it unlawful for an individual who has previously been deported from the United States subsequent to conviction for an aggravated felony to enter the United States without the authorization or concern of appropriate federal authorities. I am also familiar with 8 U.S.C. § 1101 (a)(43)(F) which, for the purposes of a violation of 8 U.S.C. § 1326(b)(2) defines an "aggravated felony" as (among other things) "a crime of violence . . . for which the term of imprisonment [is] at least one year."

2. The facts contained in this affidavit are based on first-hand knowledge or information learned during this investigation from law enforcement sources or from witnesses. This affidavit does not contain each and every detail known by me regarding this investigation. Instead, this affidavit provides information necessary to establish probable cause to arrest Jose VALENCIA ROJAS (the Defendant) for a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

3. The Defendant is a Mexican citizen and alien to the United States.

4. On or about May 31, 2017, the Defendant was convicted in the Criminal Court of Davidson County, Tennessee for the offense of Aggravated Assault-Strangulation, in violation of Tennessee Code Annotated Section 39-13-102. He was sentenced to three years in prison, all of which was suspended to supervised probation.

5. On or about December 17, 2018, the Defendant was ordered removed from the United States to his native country of Mexico following his conviction of an aggravated felony. The Defendant was removed from the United States to Mexico on or about January 31, 2019, via the Brownsville, Texas Port of Entry.

6. On or about February 27, 2020, the Defendant was found in the Southern District of Texas. The Defendant was convicted of Re-entry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and 1326(b), on or about August 28, 2020, in the Southern District of Texas. The Defendant was sentenced to a term of imprisonment of 184 days.

7. After the Defendant's conviction in the Southern District of Texas, the Defendant was removed from the United States. The Defendant was removed from the United States to his native country of Mexico via Laredo, Texas on or about August 31, 2020.

8. On or about December 13, 2024, the Defendant was found in the United States. The Defendant was arrested by Metropolitan Nashville Police Department (MNPD) officers in Davidson County, Tennessee for the offense of Felony Probation Violation.

9. Since the Defendant's removal in 2020, the Defendant has not received express consent to reapply for admission into the United States from the United States Attorney General and/or the Secretary of Homeland Security. The Defendant has entered and was found in the United States illegally and without authorization. The Defendant has no pending applications with the Citizenship and Immigration Services (USCIS). Immigration records reflect the Defendant does not appear to be eligible for any relief under the Immigration & Nationality Act (INA), as amended.

10. The Defendant's return to the United States is in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).